IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

CARLOS E. RODRIGUEZ-SANTIAGO,

Defendant.

CRIMINAL NO. 06-289 (GAG)

**REPORT AND RECOMMENDATION**

Defendant Carlos E. Rodríguez-Santiago was charged in a one (1) count Indictment with, on or about August 26, 2006, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant herein, aiding and abetting each other, did knowingly and unlawfully possess a machine gun, as the term is defined in section 5845(b) of the National Firearms Act, Title 26, United States Code, to wit: a Sten brand, 9 millimeter caliber rifle, with automatic firing capabilities, which had the importer's or manufacturer's serial number removed, obliterated or altered. All in violation of Title 18, United States Code, Section 922(o), 924(a)(2) and 2.

Defendant appeared before this Magistrate Judge on March 5, 2007, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

United States of America v. Carlos E. Rodríguez-Santiago
Criminal No. 06-289(GAG)
Report and Recommendation
Page 2

aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel Yasmín Irizarry, from the Federal Public Defender's Office, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representatives and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charge therein, his constitutional rights and the consequences of the waiver of same.

Defendant was specifically appraised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically appraised of his right to take the stand and testify, if he so decided, or not to testify,

and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Irizarry, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

Defendant expressed his understanding of the penalties prescribed by statute for the offense as to which he was pleading guilty. The penalty for the offense charged in Count One is a term of imprisonment of not more than ten (10) years, and a fine up to two hundred fifty thousand ($250,000.00) dollars. In addition to any term of incarceration, the Court will impose a term of supervised release of not more than three (3) years and a special monetary assessment of one hundred ($100.00) dollars, per count.

Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled

<u>United States of America v. Carlos E. Rodríguez-Santiago</u>
Criminal No. 06-289(GAG)
Report and Recommendation
Page 4

"Plea Agreement pursuant to Rule 11(c)(1)© FRCP" ("the Agreement") was shown to defendant, verifying his signature and initials on each and every page.

Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was appraised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be.

As indicated in paragraph six (6) of the Agreement, pursuant to Federal Rules of Criminal Procedure 11(c)(1) ©, defendant is aware tat the defendant's sentence is within the sound discretion of the sentencing judge and the advisory Sentencing Guidelines (including the <u>Guidelines Policy Statements, Application, and Background Notes</u>). The defendant understands and acknowledges that the Court is not a party to this Plea Agreement and thus, is not bound by this agreement or the sentencing calculations and/or recommendations contained herein. Defendant specifically acknowledges and admits that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. Defendant is aware that the court may accept or reject the Plea Agreement, or may defer its decision whether to accept or reject the Plea Agreement until it has considered the pre-sentence report. Should the Court reject the Plea Agreement the defendant may withdraw the guilty plea.

The above-captioned parties' estimate and agreement that appears on pages three (3) and four (4), paragraph seven (7) of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. As to Count One, pursuant to U.S.S.G. § 2K2.1(5), the Base Offense Level is Eighteen (18). Pursuant to U.S.G.G. § 3E1.1,

United States of America v. Carlos E. Rodríguez-Santiago
Criminal No. 06-289(GAG)
Report and Recommendation
Page 5

a decrease of three (3) levels is agreed for acceptance of responsibility. Accordingly, the Total Offense Level is Fifteen (15), with a sentencing range of eighteen (18) to twenty-four (24) months of imprisonment assuming a Criminal History Category of One.

As indicated in paragraph seven (7) of the Agreement, the parties agree to recommend to the Court a sentence of eighteen (18) months. The parties do not stipulate the defendant's Criminal History Category.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission. Defendant was also read and shown a written document entitled Statement of Facts, which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

United States of America v. Carlos E. Rodríguez-Santiago
Criminal No. 06-289(GAG)
Report and Recommendation
Page 6

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate. Depending on the facts found by the court at the time and the sentence imposed, both defendant and the government may appeal the sentence of the court.[2]

Defendant was read in open court and shown the Indictment indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 06-289 (GAG).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading

---

[2] The right to appeal is subject to certain limitations allowed by law since the Agreement also includes in paragraph seventeen (17) a waiver of appeal.

United States of America v. Carlos E. Rodríguez-Santiago
Criminal No. 06-289(GAG)
Report and Recommendation
Page 7

guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 06-289 (GAG).

**IT IS SO RECOMMENDED.**

The sentencing hearing will scheduled promptly before Honorable Gustavo A. Gelpí, District Court Judge.

San Juan, Puerto Rico, this 6th day of March of 2007.

                         s/ CAMILLE L. VELEZ-RIVE
                         CAMILLE L. VELEZ-RIVE
                         UNITED STATES MAGISTRATE JUDGE